**UNITED STATES ATTORNEY'S OFFICE**
PHILIP R. SELLINGER
United States Attorney
EAMONN O'HAGAN
Assistant U.S. Attorney
970 Broad Street, Suite 700
Newark, NJ 07102
Tel: (973) 645-2874

*Attorneys for the United States of America*

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| *In re* | Chapter 13 |
| CARNEY G. GATTA, JR., | Case No. 23-11010-MBK |
| | Chief Judge Michael B. Kaplan |
| Debtor. | **Hearing Date:  May 10, 2023**<br>**Hearing Time: 10:00 a.m**. |

**ATTENTION DEBTOR'S COUNSEL:**
**FOR THE REASONS STATED HEREIN, THE PROPOSED CHAPTER 13 PLAN IS FACIALLY UNCONFIRMABLE. TO THE EXTENT NO WRITTEN RESPONSE TO THIS OBJECTION IS FILED AND NO ADJOURNMENT IS OBTAINED, COUNSEL FOR THE UNITED STATES WILL NOT BE APPEARING AT THE SCHEDULED HEARING ON THIS MATTER AND WILL INSTEAD RELY ON THIS WRITTEN OBJECTION.**

**OBJECTION OF INTERNAL REVENUE SERVICE TO CONFIRMATION**
**<u>OF DEBTOR'S CHAPTER 13 PLAN</u>**

THE UNITED STATES OF AMERICA, on behalf of the Internal Revenue Service (the "<u>Service</u>"), submits the following objection to confirmation of the above-captioned debtor's Chapter 13 Plan (the "<u>Plan</u>") [ECF Doc No. 9].  In support thereof, the Service respectfully represents as follows:

## **RELEVANT BACKGROUND**

1. Carney G. Gatta, Jr. *a/k/a* Gavin Gatta (the "Debtor") filed a voluntary petition under chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code") on February 7, 2023 (the "Petition Date") [ECF Doc. No. 1].

2. The Debtor has unpaid federal income tax liabilities for numerous tax years. *See* Claim No. 1. The Debtor has not yet filed a Form 1040 federal income tax return for tax year 2022 (the "Unfiled Federal Return") *Id.*

3. Prior to the Petition Date, the Service filed a Notice of Federal Tax Lien (the "Tax Lien") against the Debtor. *Id.* Pursuant to 26 U.S.C. § 6321, the Tax Lien encumbers all of the Debtor's "property and rights to property, whether *real **or personal***." 26 U.S.C. § 6321 (emphasis added).

4. The Service filed a proof of claim against the Debtor setting forth a total claim of $4,922,665.18 (the "Service Claim"), comprised of: (i) a secured claim pursuant to 11 U.S.C. § 506(a) in the amount of $20,650.00 which amount is secured by the Tax Lien on the Debtor's scheduled ***personal*** property[1] (the "Secured Claim"); (ii) an unsecured priority claim pursuant to 11 U.S.C. § 507(a)(8) in the amount of $70,312.74[2] (the "Priority Claim"); and (iii) a general unsecured non-claim of $4,831,702.44 (the 'Unsecured Claim"). *See* Claim No. 1.

---

[1] Debtor's Schedule A/B: Property [ECF Doc. No. 8].
[2] This amount is partially estimated because, as noted above, the Debtor has failed to file federal tax returns for all periods entitled to priority under 11 U.S.C. § 507(a)(8).

5.      For the reasons described below, the Plan is not confirmable and this case cannot proceed under chapter 13.

## OBJECTION

### A. The Plan Cannot Be Confirmed Because the Debtor Is Ineligible for Chapter 13

6.      Pursuant to Bankruptcy Code section 109(e), only an individual with regular income that owes less than $2,750,00.00 in non-contingent, liquidated debts may be a debtor under chapter 13 of the Bankruptcy Code. 11 U.S.C. § 109(e). The Service Claim alone greatly exceeds this debt threshold. *See* Claim No. 1. Consequently, the Debtor is ineligible for chapter 13 and the Plan cannot be confirmed. 11 U.S.C. § 1325(a)(1) (requiring plan to comply with *all* applicable Bankruptcy Code provisions); *id.* § 1325(a)(3) (requiring the plan not be proposed by means forbidden by law). This case must therefore be dismissed or converted to chapter 11 or chapter 7.

7.      As discuss below, even if the Debtor was somehow eligible for chapter 13 relief, which he is not, the Plan would still be unconfirmable.

### B. The Plan is Not Confirmable with Respect to the Service's Secured Claim

8.      With respect to the Secured Claim, the Plan fails to comply with the provisions of Bankruptcy Code section 1325(a)(5), which requires, *inter alia*, that a chapter 13 plan to provide for the retention of the secured creditor's liens and full payment, plus post-confirmation interest. Contrary to section 1325(a)(5)'s

requirements, the Plan fails to provide for any payment of the Secured Claim. *See* Plan, Part 4 (proposing to pay only $43,000.00 on the Secured Claim). This defect renders the Plan unconfirmable.

9. In addition to failing to provide for full payment, the Plan is not confirmable with respect to the Secured Claim for the following reasons:

   a. It fails to provide that the Service will retain its liens against the property of the Debtor for the time periods required by § 1325(a)(5)(B)(i)(I)-(II).[3]

   b. It fails to calculate (and provide payment for) post-confirmation interest on the Secured Claim. *Id.* § 1325(a)(5)(B)(ii); *In re Princeton Office Park, L.P.*, 423 B.R. 795, 806 (Bankr. D.N.J. 2010) (recognizing that section 1325(a)(5)(B)(ii) requires payment of an appropriate rate of post-confirmation interest on secured claims).

      i. The interest rate established by 26 U.S.C. § 6621 and the regulations thereunder (7%), applies here. 11 U.S.C. § 511(a)-(b).

---

[3] It bears noting that property claimed as exempt by the Debtor under 11 U.S.C. § 522 does not impact the allowed amount of the Secured Claim. 11 U.S.C. § 522(c)(2)(B) (mandating that "property exempted under this section is not liable during or after the case for any debt of the debtor . . . except . . . a debt secured by a lien that is . . . a tax lien, notice of which was properly filed." (emphasis added)); *Paratore v. IRS (In re Paratore)*, 1995 Bankr. LEXIS 508, at *9 (Bankr. D.N.J. 1995) ("It is clear from § 522(c)(2)(B), that Congress did not intend that any bankruptcy debtor could exempt any property from a perfected tax lien."); *see also Downey v. Georgia (In re Downey)*, 2006 Bankr. LEXIS 2737, at *4 (Bankr. N.D. Ga. Sept. 27, 2006) ("The Debtors' estate has an interest in the motor vehicles and personal property, and the Debtor cannot exempt those assets from a tax lien, notice of which is properly filed . . . If the tax lien was properly filed, then, the State has a secured claim to the extent of the value of the Debtors' assets.") (internal quotation marks omitted).

### C. The Plan is Not Confirmable With Respect to the Service's Priority Claim

10. With respect to claims entitled to priority under Bankruptcy Code section 507(a)(8), a chapter 13 plan must "provide for the full repayment, in deferred cash payments . . . unless the holder of a particular claim agrees to a different treatment of such claim." 11 U.S.C. § 1322(a)(2). Here, until the Unfiled Federal Return is filed, it remains unclear whether the Plan will comply with section 1322(a)(2). Before the Priority Claim can even be calculated with certainty, the Debtor must file the Unfiled Federal Return. As noted below, the Debtor's failure to file that return provides an independent basis for denying confirmation fo the Plan. the Plan provides for no payment of the Priority Claim.

### D. The Plain is Generally Unconfirmable Based on the Debtor's Failure to File Tax Returns

11. As noted above and in the Service Claim, the Debtor has yet to submit the Unfiled Federal Return. Pursuant to Bankruptcy Code section 1308(a), the Debtor is required to file all tax returns for tax periods ending within four years of the Petition Date. 11 U.S.C. § 1308(a). Non-compliance with section 1308 renders a chapter 13 plan unconfirmable under Bankruptcy Code section 1325(a)(9). 11 U.S.C. § 1325(a)(9). Moreover, a debtor's failure to file returns due outside the time period covered by section 1308 also renders a chapter 13 plan unconfirmable under Bankruptcy Code section 1325(a)(3). That section requires that a plan be "proposed in good faith and not by means forbidden by law." 11 U.S.C. § 1325(a)(3). A

5

debtor's failure to file *all returns* necessary for the Service to calculate its claim precludes them from meeting this requirement. *In re Weik*, 526 B.R. 829, 835 (Bankr. D. Mont. 2015) ("Debtor's attempt to repay some obligations by means of a chapter 13 plan without having filed *all required tax* returns is contrary to § 1325(a)(3)'s requirement that the plan be proposed 'not by any means prohibited by law.'" (emphasis added)).

### E. The Plan is Not Confirmable With Respect to the Service's Unsecured Claim

12. With respect to the Unsecured Claim, the Plan is not confirmable because, contrary to Bankruptcy Code section 1325(b), it does not provide for full payment of general unsecured claims nor does it not provide that all of the Debtor's disposable income will be used to satisfy general unsecured claims. 11 U.S.C. § 1325(b)(1). *Compare* Plan, Part 1 *and* Debtor's Schedules I&J [ECF Doc. No.8].

13. Again, the flaws in the Plan described above are academic in light of the fact that this Debtor is ineligible for chapter 13 of the Bankruptcy Code.

## **CONCLUSION**

WHEREFORE, for the foregoing reasons, the Service requests that the Court (i) deny confirmation of the Plan; and (ii) grant any other and further relief that the Court deems just and proper.

Dated: May 2, 2023

                                            PHILIP R. SELLINGER
                                            United States Attorney

                                            */s/ Eamonn O'Hagan*
                                            EAMONN O'HAGAN
                                            Assistant U.S. Attorney

                                            *Attorneys for the*
                                            *United States of America*